```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09-26-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
RAY CORONA, ROBERT BISHOP, EDUARD   :
OPRESCU, VICTOR SHIMMONS, RAY ANNIS, :
JACKY DEUS, FRANCIS MILLER, JOSEPH   :    04 Civ. 10074 (CSH)
INGEGNERE, GARY MILLER, GEORGE       :
KYRIAKIDES, PAUL UNRATH and          :
JOHN O'HARA,                         :
                                     :
                  Plaintiffs,        :
                                     :
        -against-                    :
                                     :    MEMORANDUM OPINION
                                     :    AND ORDER
HOTEL and ALLIED SERVICES UNION LOCAL :
758, NEW YORK HOTEL and MOTEL TRADES :
COUNCIL, and NEW YORK PALACE HOTEL,  :
                                     :
                  Defendants.        :
------------------------------------------------------------ x
HAIGHT, Senior District Judge:

By Notice of Motion dated September 11, 2007, brought on by Order to Show Cause, the law firm of Coren & Associates, P.C. (the "Coren Firm"), attorneys of record for the Plaintiffs in this action, applied pursuant to Local Civil Rule 1.4 for an order of the Court relieving the Coren Firm of any further professional responsibilities in the case.

The Order to Show Cause was made returnable before the Court on September 24, 2007. At the call of the case, Steven M. Coren, Esq., appeared in support of the Coren Firm's application. Marion M. Lim, of the firm of Holm and O'Hara, LLP, attorneys of record for Defendant Hotel and Allied Services Union Local 758 and Defendant New York Hotel and Motel Trades Council (collectively, the "Union" or "Union Defendants"), appeared and took no position with respect to the application. Counsel for Defendant New York Palace Hotel (the "Hotel" or "Hotel Defendant") did not appear. Three of the twelve individual Plaintiffs appeared: Raymond Corona, Victor Shimmons, and Eduard Oprescu. They did not oppose the application of the Coren Firm to withdraw

as counsel for the Plaintiffs. On the contrary, these three individuals stated forcefully that the Plaintiffs wished to sever their attorney-client relationship with the Coren Firm. Responding to a question by the Court, Mr. Corona stated that this was the preference of all twelve individual Plaintiffs. The Court accepts that representation by Mr. Corona.

The Court grants the application of the Coren Firm to be relieved as attorneys of record for the Plaintiffs. It became apparent during the hearing that the trust and confidence essential to the attorney-client relationship have deteriorated beyond repair. The Court makes no determination of fault with respect to that deterioration. It is sufficient for present purposes to conclude that it has occurred. The Coren Firm wishes to withdraw as counsel for Plaintiffs. The Plaintiffs wish to be rid of the Coren Firm. This Order grants both wishes.[1]

For the foregoing reasons, the Coren Firm, its partners and associates, are hereby relieved from any further professional responsibility to the Plaintiffs in the captioned case.

The Plaintiffs are now not represented by counsel. Because the Plaintiffs are individuals, they may choose between retaining a new attorney and proceeding with the case by themselves,

---

[1] The Coren Firm, in its application to be relieved, cited as a second ground the Plaintiffs' failure to pay the Firm amounts for legal services that are past due and owing. A client's failure to pay amounts clearly due to an attorney is a recognized ground for permitting the attorney to withdraw from a case. However, the Court cannot base its order in this case upon that ground, because the Firm's motion papers did not include copies of the retention agreements which presumably contain the provisions obligating Plaintiffs to make payments; nor do the papers contain any details or specific amounts. The Firm's conclusory statements on this subject are insufficient, and the Court expresses no view upon whether or not Plaintiffs owe the Firm any amount. The Firm's application to withdraw is based on the ground discussed in text. If the Firm wishes to press a claim for fees and expenses owed by Plaintiffs, it must do so in a separate action.

without an attorney; the law refers to such an individual as a "plaintiff *pro se*."[2] Plaintiffs are directed to notify the Court by a letter to the Clerk of the Court of whether they have decided to retain a new attorney or to proceed *pro se*. If Plaintiffs or any of them retain a new attorney, that attorney will file a notice of appearance with the Clerk.

Plaintiffs must be aware of time considerations in this case. The Hotel Defendant had made a motion to dismiss this action before the arbitration between the Union (representing the Plaintiffs as grievants) and the Hotel had taken place. In an order dated January 4, 2006, the Court stayed all proceedings in the case (including further briefing on the Hotel Defendant's motion to dismiss and Plaintiffs' intended motion to amend their complaint) until the arbitration award had been made. Counsel were directed to inform the Court when that had occurred. As an enclosure to a letter dated July 31, 2007, counsel for the Hotel Defendant sent the Court a copy of the arbitrator's award dated July 17, 2007. The award denied the Plaintiffs' grievances in their entirety. Counsel for the Hotel ended their July 31, 2007 letter to the Court by saying: "Based upon the arbitrator's findings, it is respectfully requested that Defendant's motion to dismiss the Plaintiffs' complaint be granted in its entirety."

That request of counsel is procedurally inadequate. Presumably counsel take the position that the arbitrator's award rejects all the claims Plaintiffs have pleaded in this case, so that the award bars those claims on a theory of issue or claim preclusion. But counsel do not spell that out; nor have they moved in this Court to confirm the arbitration award in the Hotel's favor and have judgment entered thereon.

---

[2] A corporation or company cannot conduct a case *pro se*. Such entities must be represented by an attorney.

3

However, quite apart from those considerations, the Plaintiffs are now confronting a time limit and the clock is ticking. At the hearing, Messrs. Corona, Shimmons and Oprescu made plain their dissatisfaction with the arbitration award and the manner in which the arbitration process was conducted. But the award has been delivered, and the Plaintiffs are in the position of having to make a motion in this Court under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to vacate the award. The procedures and time limits for doing so are set forth by the United States Court of Appeals for the Second Circuit (whose decisions are binding on this Court) in *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85 (2d Cir. 1998). In that case the Court of Appeals held that "an application to vacate or modify an arbitration award may be made by a party within ninety days after its delivery to him." *Id.* at 88 (citing, applying, and quoting a New York statute, N.Y. C.P.L.R. 7511(a)). The rule in this Circuit is that the winner in an arbitration does not have to move the Court to confirm the award within any particular time period, but the loser who wishes to challenge the award must do so within the specified time. In *Local 802* the Court of Appeals went on to say:

> Thus, when a party to an arbitration believes he has been prejudiced in the proceedings by behavior that the Federal Arbitration Act condemns he must bring a motion to vacate within the allotted time. When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.

*Id.* at 89 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir.1984)).

The governing statute requires that an application to vacate or modify an arbitration award must be made "by a party within ninety days after its delivery to him." In this case, the arbitrator's award is dated July 17, 2007. But the date of the award does not control the question of timeliness

4

of a motion to vacate or modify the award. The ninety-day period begins to run when the award is *delivered* to the "party" wishing to vacate or modify it. If for these purposes the Union is regarded as the losing party, the ninety-day clock began to tick when the award was delivered to the Union or its counsel (who were not the Coren Firm). Assuming without deciding that the Plaintiffs (the grievants in the arbitration, for whose benefit the arbitration was demanded) should be regarded as parties with standing to apply to vacate or modify the award, the ninety-day clock did not start to tick as to the Plaintiffs until the award was delivered to the Coren Firm, who were at that time the attorneys of record for all the Plaintiffs. These dates of delivery do not appear from the present record, but it is clear that whenever it began to run, the ninety-day clock is now ticking, and the Plaintiffs, currently without an attorney representing them, must keep that circumstance in mind as they consider what if anything to do next.

This Court's chambers staff is mailing a copy of this Opinion and Order to each of the individual Plaintiffs, at the addresses included in the Coren Firm's application.

The foregoing is SO ORDERED.

Dated:  New York, New York
        September 26, 2007

                                              /s/ Charles S. Haight, Jr.
                                              CHARLES S. HAIGHT, JR.
                                              SENIOR UNITED STATES DISTRICT JUDGE